**CHARBET CHEMICAL CO. v. HYSAN PRODUCTS CO., et al.**
No. 61-C-6856.

Circuit Court, Dade County.

February 23, 1962.

Turk & Newman, Miami Beach, for plaintiff.

Worley, Gautier & Dawes, Miami, for defendants.

PHILLIP GOLDMAN, Circuit Judge.

By this action, the plaintiffs seek, in addition to damages, an injunction against breach of an agreement which purportedly granted an exclusive franchise to sell, market and promote the sale of a certain chemical product. In legal effect the plaintiffs seek to compel the defendant Hysan Products Company, to specifically perform the alleged contract.

The corporate defendant has moved for a summary decree which is addressed to the equitable relief sought by the plaintiffs. The court, having considered the argument and the very excellent briefs submitted by the parties, concludes (for the reasons hereinafter set forth) that the defendant's motion is well founded.

The facts material to the court's disposition are these—the arrangement was oral, and there was no agreement " . . . on the time during which this contract would exist . . . " There is no dispute about either of these facts.

The law seems clear that—"for the *injunctive remedy* to apply to restrain the breach of a contract, the contract must be *certain* and *unambiguous* in its terms." See 17 Fla. Jur., Injunctions, §35, p. 396, and 29 Fla. Jur., Specific Performance, §25, p. 510, together with the cases collected in the notes.

The alleged contract here does not meet this test. So that the court's action will not be misunderstood, the court is not ruling that the contract is unenforceable. The court is simply holding that on the basis of the undisputed facts the *equitable remedy* sought is not available.

The remaining issues (which do involve disputed questions of fact) all relate to matters that more properly belong on the law side of the court. See Rule 1.39, Florida Rules of Civil Procedure.

It is accordingly ordered as follows—(1) Defendants' motion for summary decree, insofar as it is addressed to the equitable remedies sought by the plaintiff, is granted. (2) This cause is hereby transferred to the common law side of the court and the cause shall proceed without interruption. The clerk shall docket it accordingly.